J-S27031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
            :      PENNSYLVANIA
            :
      v.         :
            :
            :
COURTNEY WASHINGTON JR.    :
            :
      Appellant     :   No. 875 WDA 2020

Appeal from the Judgment of Sentence Entered June 8, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008517-2019

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:       **FILED: APRIL 26, 2022**

Courtney Washington, Jr., appeals from the judgment of sentence entered following a non-jury trial in which he was found guilty of carrying a firearm without a license. ***See*** 18 Pa.C.S.A. § 6106(a)(1). For this offense, Washington was sentenced to two to four years of incarceration. On appeal, Washington challenges the trial court's quashal of his suppression motion, the court's admission of certain photographic evidence, and the Commonwealth's failure to provide defense counsel with information arguably germane to the charges against him. As the court never conducted a suppression hearing nor ruled on the corresponding suppression motion's merits, we are constrained to vacate and remand.

Briefly, in July 2019, two different guns were fired outside of a bar,

_____

* Retired Senior Judge assigned to the Superior Court.

resulting in the recovery of approximately twenty-five shell casings at or around this business. During the maelstrom, one of the apparent shooters was struck by a bullet; however, this individual never disclosed to police officers who had shot him. No other bar patron present that evening positively identified Washington as a participant in the shooting, and concurrent to his arrest, police did not find Washington with a firearm.

The bar owner provided the police with a surveillance video, which depicted multiple people getting into and out of vehicles as well as shots being fired. Nevertheless, the police were unable to locate the vehicle associated with the putative suspect. Additionally, no forensic evidence of any kind tying Washington to the shooting was found at the scene.

Ultimately, an officer working for another police department identified Washington as a suspect after being shown a cell phone picture depicting a weaponless individual from the chest up. Said picture was of an unknown origin and, too, seemingly distinct from the picture described in Washington's affidavit of probable cause.[1]

After being charged with nine offenses stemming from this shootout,

---

[1] The affidavit of probable cause described a positive identification by this other officer following his alleged observance of "a clear still photograph of a black male actor holding a firearm shooting in the direction of the victim and … properties." Affidavit of Probable Cause, at 2. Conversely, however, the same officer disclaimed having ever seen a picture of a person holding a firearm. *See* N.T., 3/10/20, at 71-72. As best can be discerned, there remains outstanding ambiguity surrounding the image relied upon in the affidavit of probable cause, the pictures submitted at trial, and the one observed by the officer who made the positive identification.

Washington filed a pre-trial suppression motion. Although the Commonwealth filed a response to this motion, during subsequent argument, it orally motioned to quash Washington's motion predicated on the assertion that his motion purely involved issues relevant at trial. Ultimately, the trial court granted the motion to quash without holding a hearing, disclosing findings of fact and conclusions of law, or ruling on the merits of the motion.

After being found guilty, by way of non-jury trial, of carrying a firearm without a license, he was subsequently sentenced to the aforementioned two to four years of incarceration. Washington filed a motion to reconsider this sentence, which was denied. Thereafter, Washington filed a timely notice of appeal. The relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. Resultantly, this appeal is ripe for disposition.

On appeal, Washington claims:

1. The trial court erred in granting the Commonwealth's motion to quash the suppression motion because such an action is not procedurally recognized, and the trial court should have held a hearing or ruled on the merits of the motion.

2. The trial court erred in admitting three photographic exhibits given the Commonwealth's lack of foundation and/or chain of custody.

3. The trial court erred in not granting a mistrial given that the Commonwealth failed to provide, until mid-trial, defense counsel with material information related to police attempts to interview the individual who was struck during the shooting.

*See* Appellant's Brief, at 5.

Washington's first issue challenges the appropriateness of the court's determination that quashal of his suppression motion was necessary. Washington contends that him being identified pre-trial by the police officer from the other police department must be "suppressed because, due to improper police procedures and [the] lack of reliability of the identification, the police acted illegally in violation of the Fourth, Fifth, Sixth[,] and Fourteenth Amendments [to] the U.S. Constitution and Article I, Sections 8 and 9 of the Pennsylvania Constitution." *Id*., at 19. Explaining further, "the motion argued that police improperly disseminated a grainy and dark SMS photo attachment to an officer who had prior interactions with … Washington and did not conduct an independent investigation of eyewitnesses[] and that the identification method was impermissibly suggestive." *Id*.

In its opinion, the trial court admits that it "did not conduct an evidentiary hearing on the suppression motion or make any ruling on the merits because it granted the Commonwealth's oral motion to quash the motion." Trial Court Opinion, 1/20/21, at 6. The court justified its decision by compartmentalizing Washington's claims as "rooted primarily in claims of procedural errors surrounding the creation and dissemination of the still image from the video surveillance footage obtained from the … [b]ar." *Id*. Accordingly, the court found that Washington's arguments "did not trigger concerns of a suggestive identification[,] but are proper areas of examination during trial regarding the weight of that evidence." *Id*., at 7.

After the court's conclusion that the crux of Washington's suppression motion was exclusively apt for trial, it went on to discuss the notion of suggestiveness as it pertains to identification procedures. Without having had the benefit of a suppression hearing, the court indicated that: (1) the photo was simply disseminated between law enforcement officers as part of an on-going criminal investigation; (2) distribution of the at-issue image is analogous to a "be on the look out" situation used to locate criminal suspects; (3) suggestiveness as it relates to the police officer from another department's preexisting knowledge of Washington is unsupported by the facts; and (4) the investigating police officers had no prior knowledge of the person in the image prior to showing it to the identifying officer. *See id*. As such, the court ascertained that "[n]one of the due process concerns regarding suggestiveness and misidentification were present under the facts of this case," *id*., at 8, because "the quality of the photo, and the discrepancy between the disseminated photo and the description contained within the affidavit of probable cause[] are relevant to the weight the fact-finder should give that identification." *Id*.

The trial court unequivocally specified that it did not conduct a suppression hearing.[2] Pennsylvania Rule of Criminal Procedure 581, which

_____

[2] The trial court's statement to this effect contradicts a line of argument advanced by the Commonwealth. *See* Appellee's Brief, at 15 ("The record … refutes [Washington's] claim that the trial court did not rule on the merits of
*(Footnote Continued Next Page)*

- 5 -

governs suppression motions, states, in relevant part:

(E) A hearing *shall* be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). A hearing may be either prior to or at trial, and shall afford the attorney for the Commonwealth a reasonable opportunity for investigation. The judge shall enter such interim order as may be appropriate in the interests of justice and the expeditious disposition of criminal cases.

(F) The hearing, either before or at trial, ordinarily shall be held in open court. The hearing shall be held outside the presence of the jury. In all cases, the court may make such order concerning publicity of the proceedings as it deems appropriate under Rules 110 and 111.

(G) A record *shall* be made of all evidence adduced at the hearing.

(H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

---

the suppression motion."). The Commonwealth additionally asserts that Washington "essentially abandoned a suppression motion," *id*., but the record does not reflect evidence of this proposition even though concurrent *habeas* issues were in consideration. *See, e.g*., Argument, 3/10/20, at 23. Despite counsel at trial stating that "the pretrial motion to suppress … turned into a *habeas* petition," N.T., 3/10/20, at 215, that was in the context of it being additive to or incorporative of the already existing suppression motion. *See* Argument, 3/10/20, at 26 ("I would add a part for petition for *habeas corpus* relief based on the same identification principles and the same arguments that were made today and at the preliminary hearing.").

(I) At the conclusion of the hearing, the judge *shall* enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(E)-(I) (emphases added).

Given the plain wording of these subsections, the trial court was required to hold a hearing on the suppression motion. At a minimum, the court needed to have constructed a record that would have allowed for it to make the necessary findings of fact or conclusions of law as to whether the challenged evidence was obtained in violation of Washington's rights. **See** Pa.R.Crim.P. 581(A). Instead, "the suppression motion was quashed without an evidentiary hearing," Trial Court Opinion, 1/20/20, at 3, and no determination was ever made as to the motion's factual or legal saliency.

The trial court and Commonwealth have adduced no procedural mechanism or provided any support to contradict the unambiguous text of this Rule. Absent any basis to permit quashal when faced with a suppression motion, the court was obligated to go through the rigid dictates as enumerated in Rule 581 to construct a record for, *inter alia*, appellate review of any resulting suppression-related issues, should any have arisen.

The court's paragraph dedicated to the inapplicability of suggestiveness reads as if it has constructed an adequate factual record to deny Washington relief. Ultimately, the trial court determined that "under the facts of this

case[,]" *id*., at 8, the identification procedure employed did not implicate due process concerns. However, no hearing was ever performed, and despite Washington's protestations, because the court did not believe that the contents of Washington's motion could "be properly characterized for a motion to suppress … [it] therefore … quash[ed] the motion on that ground." Argument, 3/10/20, at 29.

While there may be some validity to the notion that many of the arguments advanced in Washington's suppression motion are more analogous or relevant to a weight of the evidence determination to be made at trial, Washington submitted a colorable argument asserting a violation of his constitutional rights, *see* Omnibus Pretrial Motion – Motion to Suppress, 1/21/20, at 2-3 (unpaginated), and exploration of these assertions in accordance with Rule 581 should have, thus, materialized. Instead, Washington was fully foreclosed from the possibility of uncovering, via a hearing, any kind of factual averment to the contrary or constructing a record thereon. The court also made no true determination as to the motion's contents.

On the other hand, the trial court necessarily made its own findings, independent of any hearing, in its holding that due process concerns were nonexistent and that there was nothing legally impermissible about the identification procedure employed by the police. Absent a suppression hearing or an identifiable basis to contravene Rule 581, we are constrained to vacate

Washington's judgment of sentence and remand this case to conduct such a hearing.[3]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Nichols concurs in the result.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2022

---

[3] Given our adjudication of Washington's first issue, it is unnecessary to discuss his second or third.